IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**SHANE LEVAKE**
N1579 Aburoe Lane
Fort Atkinson, WI 53538

      Plaintiff,

                              Case No. 17-cv-666

    vs.

**INTERCON CONSTRUCTION, INC.**
5512 State Road 19 & 113
Waunakee, WI 53597-9530

      Defendant.

## COMPLAINT

Plaintiff, Shane Levake, by his attorneys, Hawks Quindel, S.C., for his Complaint against InterCon Construction, Inc., states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff was employed by Defendant, InterCon Construction, Inc. ("InterCon"), from August 18, 2014 to June 16, 2017 as a Design Engineer. During his employment, and within the three-year period preceding this Complaint, Plaintiff was paid a fixed annual salary and provided no additional compensation for overtime hours. Plaintiff regularly worked hours over 40 in a workweek. Plaintiff seeks payment of overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

2. Plaintiff, Shane Levake, is an adult resident of the state of Wisconsin. At all times material to this matter, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1), Wis. Stat. § 103.001(5), and Wis. Stat. § 109.01(1r). Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, InterCon, is a domestic business engaged in interstate commerce with its principal place of business at 5512 State Road 19 & 113, Waunakee, Wisconsin. InterCon's registered agent for service of process is National Registered Agents, Inc., 301 South Bedford Street, Suite 1, Madison, Wisconsin.

4. At all times relevant to this Complaint, InterCon was the "employer" of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

5. At all times material to this Complaint, InterCon has employed more than two employees.

6. Upon information and belief, at all times material to this Complaint, InterCon has had an annual dollar volume of sales or business done of at least $500,000.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, et seq. The

Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

9. Defendant employed Plaintiff as a Design Engineer from August 18, 2014 to June 16, 2017.

10. InterCon is a utility engineering and construction company. InterCon provides telecom services, including the installation of cable.

11. Plaintiff's job duties included reviewing road plans, taking field notes, filing paperwork for permits, and generating work prints for the placement or relocation of telecommunications copper and fiber optic cables according to AT&T standards.

12. During his employment with Defendant, Plaintiff was paid a fixed salary.

13. During his employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant and was not provided overtime compensation.

## FIRST CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

14. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

15. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one-and-one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

16. During his employment with Defendant, Plaintiff's job duties were not those of a bona fide administrative, executive, or professional employee.

17. During his employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant without overtime compensation.

18. Defendant's practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

19. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

20. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during his employment as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

21. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

22. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

23. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

24. During his employment with Defendant, Plaintiff's job duties were not those of a bona fide administrative, executive, or professional activity.

25. During his employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant without overtime compensation.

26. As a result of Defendant's willful failure to pay overtime wages earned and due to Plaintiff, it has violated Wis. Stat. §§ 103.03, 109.03 and Wis. Admin. Code § DWD 274.03.

27. Plaintiff seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 109.03 and Wis. Admin. Code § DWD 274.03, recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant as provided by Wis. Stat. § 109.03(6), and any penalties due under Wis. Stat. § 109.11 as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding him:

A. The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. The overtime wage compensation owed to Plaintiff under Wis. Stat. §§ 103.03, 109.03 for the two-year time period prior to the commencement of this action;

C. Liquidated damages in an amount equal to the amount awarded to him as overtime wage compensation as provided in 29 U.S.C. § 216(b);

D. Penalties due under Wis. Stat. § 109.11;

E. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

F. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the FLSA.

Dated: August 28, 2017.

          **HAWKS QUINDEL, S.C.**
          *Attorneys for the Plaintiff*

          By: */s/ David C. Zoeller*
          David C. Zoeller, State Bar No. 1052017
          Email: dzoeller@hq-law.com
          Caitlin M. Madden, State Bar No. 1089238
          Email: cmadden@hq-law.com
          409 East Main Street
          Post Office Box 2155
          Madison, Wisconsin 53701-2155
          Telephone: (608) 257-0040
          Facsimile: (608) 256-0236